# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

UNITED STATES OF AMERICA

v.

RAHKEEM DIONTE HARRIS

Case No. 4:17-CR-258 RLW

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

**IT IS ORDERED** that the motion is:

☐ **GRANTED**

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____ If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

2

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ **DEFERRED** pending supplemental briefing and/or a hearing.  The court **DIRECTS** the United States Attorney to file a response on or before          , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ **DENIED** after complete review of the motion on the merits.

On February 8, 2018, Defendant entered a guilty plea for conspiracy to distribute and possess heroin and fentanyl with intent to distribute in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B), and two counts of distribution of heroin in violation of 21 U.S.C. §§ 841, 841(b)(1)(C). (ECF No. 319). On May 9, 2018, the Court sentenced Defendant to 114 months imprisonment, followed by supervised release for a term of four years. (ECF No. 323). Defendant is serving his sentence at USP Pollock with an anticipated release date of November 18, 2025. *See* https://www.bop.gov/mobile/find_inmate (last visited November 30, 2022).

On February 15, 2022, Defendant filed a pro se motion for compassionate release. (ECF No. 377). Defendant seeks reduction of his sentence due to his obesity, which he asserts places him at higher risk for severe illness or death if he contracts COVID-19. *Id.* Defendant also contends he has been subjected to excessive isolation and poor nutrition. *Id.*

On March 7, 2022, Defendant's counsel filed a "Notification and Motion to Withdraw" indicating that she did not intend to supplement Defendant's motion. (ECF No. 381).

Section 3582(c), as amended by the First Step Act, provides, in relevant part, that

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf

> or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ..., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that ... extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Rodd*, 966 F.3d 740, 746 (8th Cir. 2020). Even if Defendant's circumstances could be considered extraordinary and compelling, the Court must review the § 3553 factors to determine whether his release would be appropriate. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Jeffers*, 466 F. Supp. 3d 999, 1007 (N.D. Iowa 2020).

Defendant has not provided any documentation to support his claims relating to his medical conditions. He fails to demonstrate that his medical conditions would improve outside the BOP facility or that the BOP mismanaged his care in the first place. In light of the seriousness of Defendant's crimes, the Court will not grant relief under these circumstances.

As for Defendant's allegations relating to the conditions of his confinement, a motion for compassionate release is not the proper avenue to challenge those conditions. *United States v. Stevens*, 459 F. Supp. 3d 478, 487 (W.D.N.Y. 2020). Every inmate has been subjected to onerous conditions during the COVID-19 pandemic and Defendant "has not explained why he should be given special or unique treatment." *United States v. Lischewski*, No. 18-CR-00203-EMC-1, 2020 WL 6562311, at *2 (N.D. Cal. Nov. 9, 2020).

Further, Guideline § 1B1.13(2) provides that compassionate release is appropriate only when "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Section 3582(c)(1)(A) requires a court to consider the factors set forth in 18 U.S.C. § 3553(a) before granting a motion for compassionate release. The § 3553(a) factors are:

>   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>   (2) the need for the sentence imposed—
>       (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>       (B) to afford adequate deterrence to criminal conduct;
>       (C) to protect the public from further crimes of the defendant; and
>       (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>   (3) the kinds of sentences available;
>   (4) the kinds of sentence and the sentencing range established for—
>       (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission ...;]
>   (5) any pertinent policy statement [issued by the Sentencing Commission ...;]
>   (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>   (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a); *United States v. McPeek*, No. CR19-4003-LTS, 2022 WL 429249, at *9-10 (N.D. Iowa Feb. 11, 2022).

Defendant has an extensive criminal history including attempted burglary, leaving the scene of an accident, possession with intent to distribute a controlled substance, and several instances of resisting arrest. (ECF No. 319). Thus, the Court finds that Defendant's "extensive criminal history, his recidivism, the nature of [his] convictions and the need to protect the public, … and the need to serve the sentencing objectives of punishment and deterrence" weigh heavily against granting compassionate release. *Jeffers*, 466 F. Supp. 3d at 1008.

5

Therefore, the Court denies Defendant's Motion for Compassionate Release.

☐ **DENIED WITHOUT PREJUDICE** because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

**IT IS SO ORDERED.**

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 5th day of December, 2022.